Debtor 1 Keiton (First Name) (Middle Name) Webster (Last Name) Case number *(if known)*

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- [ ] No. Go to line 16b.
- [x] Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- [ ] No. Go to line 16c.
- [ ] Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7? Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

- [x] No. I am not filing under Chapter 7. Go to line 18.
- [ ] Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
  - [ ] No.
  - [ ] Yes.

**18. How many creditors do you estimate that you owe?**

- [x] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5,001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**19. How much do you estimate your assets to be worth?**

- [x] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [ ] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

**20. How much do you estimate your liabilities to be?**

- [x] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [ ] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✘ /s/ Keiton Webster Keiton Webster
Signature of Debtor 1

Executed on 2/3/2017
MM / DD / YYYY

✘
Signature of Debtor 2

Executed on
MM / DD / YYYY

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Keiton | | Webster |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Northern District of Illinois (State)

Case number (If known) ____

☐ Check if this is an amended filing

# Official Form 106Dec

## Declaration About an Individual Debtor's Schedules

12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Part 1: Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person ____ *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

✘ **/s/ Keiton Webster** [signature]
Signature of Debtor 1

Date **2/3/2017**
MM/DD/YYYY

✘ ____
Signature of Debtor 2

Date ____
MM/DD/YYYY

Debtor 1 Keiton (First Name) (Middle Name) Webster (Last Name) Case number *(if known)*

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

- [x] No
- [ ] Yes. Fill in the details below.

Name

Number Street

City State Zip Code

**Date issued**

MM/DD/YYYY

## Part 12: Sign Below

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

✗ /s/ Keiton Webster
Signature of Debtor 1

Date 2/3/2017

✗
Signature of Debtor 2

Date

**Did you attach additional pages to Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?**

- [x] No
- [ ] Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

- [x] No
- [ ] Yes. Name of person

Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re: **Webster, Keiton**
Debtor(s)

Case No. ______

Chapter. **Chapter13**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date: 2/3/2017

/s/ Webster, Keiton
Webster, Keiton
*Signature of Debtor*

Debtor 1 Keiton (First Name) (Middle Name) Webster (Last Name) Case number *(if known)*

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. Illinois

16b. Fill in the number of people in your household. 1

16c. Fill in the median family income for your state and size of household. To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office. $50,133.00

17. **How do the lines compare?**

17a. [x] Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 122C-2).

17b. [ ] Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

## Part 3: Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4)

18. **Copy your total average monthly income from line 11.** $1,820.54

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. -$0.00

19b. **Subtract line 19a from line 18.** $1,820.54

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b. $1,820.54

Multiply by 12 (the number of months in a year). **x 12**

20b. The result is your current monthly income for the year for this part of the form. $21,846.48

20c. Copy the median family income for your state and size of household from line 16c. $50,133.00

21. **How do the lines compare?**

[x] Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, The commitment period is 3 years. Go to Part 4.

[ ] Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

## Part 4: Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ **/s/ Keiton Webster** Keiton Webster
Signature of Debtor 1

✗ ____________________
Signature of Debtor 2

Date **2/3/2017**
MM/DD/YYYY

Date ________
MM/DD/YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.
If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

B 203 (12/94)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re Keiton Webster
Debtor

Case No. 17-03293 (If known)

Chapter: Chapter 13

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the abovenamed debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection w ith the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $2,900.00 |
| Prior to the filing of this statement I have received | $0.00 |
| Balance Due | $2,900.00 |

2. The source of the compensation paid to me was:

   ☑ Debtor ☐ Other (specify)

3. The source of the compensation paid to me is:

   ☑ Debtor ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:



B 203 (12/94)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| 2/13/2017 | **/s/ Elizabeth Placek** |
|---|---|
| Date | Signature of Attorney |
| | Semrad Law Firm |
| | Name of law firm |

KW

Local Form 1007-3-1(13)
10/10

## UNITED STATES BANKRUPTCY COURT
Northern District of Illinois

In re: Webster, Keiton
Debtor

Case No. 17-03293

# NOTICE OF RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

This Notice lists certain responsibilities of debtors and their attorneys. Nothing in this document changes, limits, or in any way alters the debtor's or the debtor's attorney's obligations under the Bankruptcy Code, the local and national rules, or any rule of professional responsibility.

UNLESS THE COURT ORDERS OTHERWISE:

I. Before the case is filed, the attorney for the chapter 13 debtor shall, at a minimum:

A. Meet with the debtor to review and analyze the debtor's real and personal property, debts, income, and expenses and advise the debtor on whether to file a bankruptcy petition;

B. Explain the various bankruptcy and non-bankruptcy options, the consequences of filing under chapters 7, 11 or 13 and answer the debtor's questions;

C. Explain to the debtor how the attorney's and trustee's fees are paid;

D. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims with accrued interest;

E. Explain to the debtor how, when, and where to make the chapter 13 plan payments;

F. Explain to the debtor that the first plan payment must be made to the trustee within 30 days of filing the case;

G. Advise the debtor of the requirement to provide to the trustee the most recently-filed tax return(s) at least seven days prior to the scheduled meeting of creditors. In addition, advise the debtor of the requirement to attend the meeting of creditors and identify the documents the debtor must bring to the meeting;

H. Advise the debtor that providing false information in the bankruptcy schedules or false testimony at the meeting of creditors or other hearing or trial may expose the debtor to criminal prosecution and denial of discharge;

KW

Local Form 1007-3-1(13)
10/10

I. Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases;

J. Timely prepare and file the debtor's petition, plan, schedules, statements, certificates, and other documents required to commence a case, and review them for accuracy contemporaneously with the filing.

II. After the case is filed, the attorney for the chapter 13 debtor shall, at a minimum:

A. Ensure that the debtor is adequately represented by an attorney at the meeting of creditors and make every effort to obtain confirmation of the plan;

B. Prepare, file, and serve any necessary amendments to the petition, schedules, and statements;

C. Respond to any objection to plan confirmation and, where necessary, prepare, file, and serve a modified plan, and appear, as required, at any hearing;

D. Prepare, file, and serve post-confirmation documents necessary to modify the plan;*

E. Promptly respond to the debtor's questions throughout the case;

F. Prepare, file, and serve necessary motions to buy, sell, or refinance real or personal property;*

G. Prepare and file a proof of claim for a creditor when appropriate to protect the debtor's interest;

H. Object to improper or invalid claims when appropriate to protect the debtor's interest;*

I. Advise the debtor in motions for relief from the automatic stay, file objections when appropriate, and appear, when required, at any hearing;*

J. Consider and advise the debtor concerning lien avoidance and, if appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property;

K. Prepare, file, and serve responses to motions for dismissal of the case;*

L. Advise the debtor of the requirement to complete an instructional course in personal financial management and the consequences of not doing so;

M. Prepare, file, and serve the *Chapter 13 Debtor's Certifications Regarding Domestic Support Obligations and Section 522(q)* and the *Certificate of Debtor Education* immediately after completion of plan payments;

N. Represent the debtor in connection with any audit request;* and

KW

O. Represent the debtor in bringing and defending any and all other matters or proceedings in the bankruptcy case as necessary for the proper administration of the case.

III. The attorney shall comply with Local Rule 9010-3 and represent the debtor in bringing and defending all matters in the bankruptcy case until a substitution of attorneys is filed or an order is entered allowing the attorney to withdraw.

Unless otherwise agreed, the attorney has no responsibility to represent the debtor in adversary proceedings. However, if an adversary proceeding is filed against the debtor, the attorney will explain to the debtor the estimated cost of providing representation in the adversary proceeding, the risks and consequences of an adverse judgment, and the risks and consequences of proceeding without counsel, as well as the sources, if any, of possible pro bono representation.

IV. Before the case is filed, the chapter 13 debtor shall:

A. Fully disclose, review and analyze with the attorney the debtor's real and personal property, all debts, income, expenses and all other financial information needed to properly complete the schedules and statements;

B. Prior to and throughout the case respond promptly to all communications from the attorney:

C. Prior to and throughout the case, timely provide the attorney with full and accurate financial and other information and documentation the attorney requests, INCLUDING BUT NOT LIMITED TO:

1. A Certificate of Credit Counseling and any debt repayment plan;

2. Proof of income received from <u>all sources</u> in the six-month period preceding filing, including pay stubs, social security statements, workers' compensation payments, income from rental property, pensions, disability payments, child and spousal support, and income from self-employment.

3. The most recently filed federal and state income tax returns, or transcripts of returns, as well as any other returns requested by the attorney, the trustee, the court, or a party in interest;

4. A government-issued photo identification and proof of social security number, such as a social security card or W-2;

5. A record of interest, if any, in an educational individual retirement account or a qualified state tuition program;

6. The name, address, and telephone number of any person or state agency to whom the debtor owes back child or spousal support or makes current child or spousal support payments, and any and all supporting court orders, declarations of voluntary support payments, separation agreements, divorce decrees, or property settlement agreements;

KW

Local Form 1007-3-1(13)
10/10

7. Any insurance policies requested by the attorney;

8. Vehicle titles for all cars, trucks, motorcycles, boats, ATVs, and other vehicles titled in the debtor's name;

9. Legal descriptions for all real property, wherever located, owned by the debtor or titled in the debtor's name, or in which the debtor has any interest whatsoever, including but not limited to, a timeshare, remainder interest, or life estate;

10. Documents relating to any inheritance to which the debtor is entitled or may be entitled;

11. Information relating to any foreclosures, repossessions, seizures, wage garnishments, liens, or levies on assets which occurred in the preceding 12 months or continues after the filing of the case;

12. Information and documents relating to any prior bankruptcies filed by the debtor(s) or any related entity;

13. Any changes in income or financial condition, such as job loss, illness, injury, inheritance, or lottery winnings before or during the case;

14. Information and documents relating to any lawsuits in which the debtor is involved before or during the case or claims the debtor has or may have against third parties;

15. Information relating to any seizure of tax refunds by the IRS or Department of Revenue;

16. All information or documentation needed to respond to any motion or objection in the bankruptcy case;

17. Any tax returns, account statements, pay stubs, or other documentation necessary to timely comply with requests made by the United States Trustee or the Chapter 13 Trustee or any audit requests.

D. Cooperate with the attorney in preparing, reviewing, and signing the petition, schedules, statements, and all other documents required for filing a bankruptcy case.

V. After the case is filed, the chapter 13 debtor shall:

A. Timely and promptly comply with all applicable bankruptcy rules and procedures and with the terms of the chapter 13 plan;

B. Appear punctually at the meeting of creditors with recent proof of income, a government-issued photo identification card, proof of social security number, and copies of all financial account statements covering the date the bankruptcy petition was filed;

KW

Local Form 1007-3-1(13)
10/10

C. Make all required payments to the Chapter 13 Trustee, and to such creditors as are being paid directly, and inform the attorney if required payments cannot be made;

D. Contact the attorney before buying, refinancing, or contracting to sell real property and before entering into any loan agreement;

E. Keep the court, the trustee, and the attorney informed of the debtor's current address and telephone number;

F. Complete an approved debtor education course and provide the certificate of attendance to the attorney for filing;

G. Pay all required domestic support obligations;

H. Cooperate with the attorney to complete and sign the *Chapter 13 Debtor's Certifications Regarding Domestic Support Obligations and Section 522(q)* immediately after making the final plan payment.

VI. The chapter 13 debtor's attorney shall, both before and after the case is filed, comply with all applicable professional and ethical rules and shall exercise civility in dealings with all entities with which the attorney comes in contact. The attorney shall also advise the chapter 13 debtor to likewise act in a civil and courteous manner, to dress in a manner appropriate for a federal proceeding and debtors shall do so.

Signatures. By signing this acknowledgment, the debtor and the attorney certify they have read it and understand what is required of the debtor and the attorney in this bankruptcy case.

| | |
|---|---|
| /s/ Keiton Webster | 2/13/2017 |
| Debtor | Date |
| Keiton Webster | 2-13-17 |
| Debtor | Date |
| /s/ Chad Mizelle | 2/13/2017 |
| Attorney | Date |

A fully executed copy of this document must be filed with the petition commencing the bankruptcy case of the debtor(s).

* Local Rule 2016-1(d)(2) provides that an attorney who performs these services after confirmation of the plan may request additional attorney's fees and expenses in connection with such services.